United States District Court
Southern District of Texas
**ENTERED**
November 16, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RICKEY EDWARD LEVI, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-94 |
| | § | |
| BOBBY LUMPKIN, | § | |
|     Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

On June 27, 2023, Petitioner Rickey Edward Levi filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Levi's "Petition"). Dkt. No. 1. Levi, a state prisoner confined at the Willacy County State Jail, alleges that he is being denied credit for 2,330 days that he served in prison, which would result in an earlier release date from his incarceration. *Id.* at 3–4. Respondent Bobby Lumpkin filed the state court records on September 18, 2023, Dkt. No. 12, and a motion to dismiss Levi's Petition (Lumpkin's "Motion") on September 25, 2023, Dkt. No. 13. On November 1, 2023, Levi filed a response to Lumpkin's Motion. Dkt. No. 14. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Lumpkin's Motion, (2) **DISMISS WITH PREJUDICE** Levi's Petition because it is time-barred; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.     Jurisdiction

The Court has jurisdiction over the subject matter and parties under 28 U.S.C. §§ 2241(d) and 2254, which provide that jurisdiction is proper where the inmate is

confined or where his state conviction was obtained. *See* 28 U.S.C. §§ 124(b)(4), 2241(d), 2254; *Wadsworth v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000).

## II. Background & Procedural History

On September 14, 2016, in cause number 2016-1442-C2 (the "2016 case"), a grand jury indicted Levi on four counts of aggravated sexual assault of a child and five counts of indecency with a child by contact. Dkt. No. 12-1 at 39–42; *see* TEX. PENAL CODE ANN. §§ 21.11, 22.021. On January 13, 2020, Levi pleaded guilty to all nine counts. *Id.* at 55–72. That same day, the 54th District Court of McLennan County, Texas (the "state district court") sentenced Levi to twenty-five years' incarceration on each of the aggravated sexual assault counts and twenty years' incarceration on each of the indecency counts. *Id.* The state district court ordered that each sentence would run concurrently and awarded Levi credit toward his sentences for time served in pre-sentencing detention from June 20, 2016, through January 13, 2020.[1] *Id.* Levi did not directly appeal the state district court's judgments. Dkt. No 1 at 2–3.

On September 2, 2022, Levi filed a federal petition for writ of habeas corpus, in which he claimed that he failed to receive 2,330 days of credit toward his sentences imposed on January 13, 2020, for time he served in prison. *Id.* at 3–4. At the time he was indicted for the nine offenses in his 2016 case, Levi was imprisoned on a ten-year sentence commencing in 2010 in cause number 2010-626-C2 (the "2010 case") for committing a separate offense. Dkt. No. 1 at 3–4. Levi seemed to argue in his petition that the state district court intended to have his sentences imposed in 2020 for the 2016 case run

---

[1] As noted below, Levi was incarcerated for an unrelated offense throughout the duration of his 2016 case.

concurrent with his sentence imposed in the 2010 case such that over six years of time served for his 2010 sentence would count toward the sentences imposed in 2020. *Id.* The federal district court "dismissed [Levi's petition] without prejudice for failure to exhaust state remedies." *Levi v. Lumpkin*, No. 1:22-CV-115, 2023 WL 2309950, at *1 (S.D. Tex. Jan. 9, 2023) (Morgan, M.J.), *adopted* by, No. 1:22-CV-115, 2023 WL 2309780 (S.D. Tex. Mar. 1, 2023) (Rodriguez, J.); *see* 28 U.S.C. § 2254 (listing exhaustion of state remedies requirements).

Levi filed a state habeas petition with the Texas Court of Criminal Appeals ("CCA") on April 25, 2023. Dkt. No. 12-1 at 2; *see* TEX. CODE. CRIM. PROC. ANN. § 11.07. On May 5, 2023, the CCA dismissed Levi's state habeas petition under § 501.0081 of the Texas Government Code. Dkt. No. 12-2 at 1–3; *see* TEX. GOV'T CODE ANN. § 501.0081 (stating that an inmate may not raise a claim concerning his time-served credits under the state habeas statute until he "receives a written decision issued by the highest authority provided for in the resolution system" within the Texas Department of Criminal Justice ("TDCJ")).

Levi then filed his Petition in this Court in which he again claims that he failed to receive 2,330 days of credit toward his sentences imposed on January 13, 2020, for time he served in prison for his sentence in the 2010 case. Dkt. No. 1 at 3–4. In his Motion, Lumpkin argues that Levi's Petition is time-barred under the one-year limitations period found in 28 U.S.C. § 2244(d)(1).[2] Dkt. No. 13 at 5.

---

[2] Lumpkin also contends that Levi's claims are "unexhausted pursuant to 28 U.S.C. § 2554(b) and (c)." Dkt. No. 13 at 5. However, Lumpkin does not brief the exhaustion issue because, he argues, "the statute of limitations is a threshold issue which will preclude any consideration of the merits of Levi's claims." *Id.*

### III. <u>Legal Standard</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs a district court's review of federal habeas petitions brought under 28 U.S.C. § 2254. *See* Pub. L. No. 104-132, 110 Stat. 1214 (1996). Relevantly, AEDPA contains a one-year limitations period to file a petition, which runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Id.* § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A state habeas application will not toll the federal limitations period under § 2544(d)(2) if it is filed after the limitations period expires. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In "rare and exceptional circumstances," a § 2254 petitioner may be entitled to an equitable tolling of the AEDPA limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner will only be entitled to equitable tolling "if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up); *see also Palacios*, 723 F.3d at 604. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 650 U.S. 631, 653 (cleaned up). The movant bears the burden of establishing an entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). Determining whether to apply the equitable tolling doctrine often requires courts to make a "judgment call," and the decision is "an exercise of discretion by the district court." *Id.* at 630.

### IV. <u>Discussion</u>

Levi filed his Petition on June 27, 2023.[3] Dkt. No. 1. Lumpkin asserts that because "Levi is challenging the award of time credits toward his sentence, and not his conviction," the relevant limitations period is calculated under 28 U.S.C. § 2244(d)(1)(D) ("the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"), not § 2244(d)(1)(A) ("the date on

---

[3] Under the "prison mailbox rule," an inmate's pro se submissions are deemed filed on the date the inmate tenders his petition to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Levi's Petition does not state the date on which he tendered his Petition to prison officials for mailing. Levi's memorandum in support of his Petition is dated June 14, 2023. Dkt. No. 1 at 16–17. Lumpkin urges that because there is no indication as to when he tendered his application to jail officials to mail, Levi's Petition should be deemed filed on June 27, 2023, when the Clerk of Court stamped the Petition as having been filed. Dkt. No. 13 at 4. Whether Levi filed his Petition on June 14, June 27, or any date in between, his Petition is untimely.

which the judgment became final by . . . the expiration of the time for seeking [direct] review").[4] Dkt. No. 13 at 6. Lumpkin argues that "Levi should have known at the time he was convicted in 2020 that he was not entitled to any time credits earned, except those which the trial court granted at the time he was sentenced for" the nine counts in his 2016 case. *Id.* at 7. Lumpkin thus contends that the limitations period began on June 13, 2020. *Id.* Because June 27, 2023, is well over one year after June 13, 2020, and because he asserts that no tolling statute is applicable here, Lumpkin argues that Levi's Petition is time-barred. *Id.* For the reasons discussed below, the Court finds that Levi's petition is time-barred under either applicable § 2244(d)(1) subsection. *See* 28 U.S.C. § 2244(d)(1)(A), (D).

Begin with § 2244(d)(1)(D). The Court agrees with Lumpkin and finds that Levi should have or could have been aware that the state district court's order for concurrent sentences applied only to the nine judgments signed on June 13, 2020, in his 2016 case. *See* Dkt. No. 12-1 at 55–72. First, Levi signed an "agreement concerning award of jail credit" on June 13, 2020, in which he acknowledged that the state district court "may, in [its] discretion, award or not award credit" to Levi for "some or all of the time [he] served in" detention "from the time of arrest and confinement" in his 2016 case, until his sentencing. *Id.* at 55. Second, each of the nine judgments states that Levi would only be credited for his pre-sentence detention from June 20, 2016, to January 13, 2020. *Id.* Therefore, under § 2244(d)(1)(D), absent an applicable tolling provision, the limitations period for Levi to file his habeas application began on January 13, 2020.

---

[4] Section 2244(d)(1)(B) and (d)(1)(C) do not apply here because Levi neither asserts that Lumpkin impeded his filing of his application nor claims that the Supreme Court recognized any new rights affecting the outcome of, or sentence imposed in, his 2016 case. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

As for § 2244(d)(1)(A), the limitation period here began to run when the state district court's nine judgments in Levi's 2016 case became final. Levi's judgments of conviction in his 2016 case were entered on January 13, 2020. Dkt. No. 12-1 at 55–72. He thus had until February 12, 2020, to file a notice of direct appeal. *See* TEX. R. APP. P. 26.2 (denoting the 30-day deadline to file an appeal from a criminal sentence). As noted, Levi did not file a direct appeal, so his conviction became final for AEDPA purposes on February 12, 2020. *See* Dkt. No 1 at 2–3; *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("[A] conviction becomes final when the time for seeking further direct review in state court expires. . . . Here, the one-year limitations period began to run on March 11, 2001, when the thirty-day period for filing a petition for discretionary review in state court ended."). Under § 2244(d)(1)(A), then, assuming no tolling provisions apply, the limitations period for Levi to file his habeas application began on February 12, 2020. The Court, then, uses the later February 12, 2020 date for purposes of its AEDPA limitations analysis here. *See* 28 U.S.C. § 2244(d)(1).

Levi first sought habeas review on September 2, 2022—well over one year after February 12, 2020. *See Levi*, 2023 WL 2309950, at *1; 28 U.S.C. § 2244(d)(1). His April 25, 2023 habeas petition with the CCA, also filed over one year after February 12, 2020, did nothing to extend the limitations period. *See* 28 U.S.C. § 2244(d)(2); *Artuz*, 531 U.S. at 8; *Palacios*, 723 F.3d at 604; *Scott*, 227 F.3d at 263. Accordingly, absent any entitlement to equitable tolling, Levi filed his Petition outside the one-year limitations period, and it is thus time-barred. *See* 28 U.S.C. § 2244(d)(1).

As noted, § 2244(d)(1)'s limitations period may be equitably tolled "in rare and exceptional circumstances." *Davis*, 158 F.3d at 811; *see also Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Here, in neither his Petition nor response does Levi allege that

he is entitled to equitable tolling. *See* Dkt. Nos. 1, 14. Without asserting that some extraordinary circumstance prevented him from filing his Petition, Levi cannot meet his burden to establish an entitlement to equitable tolling. *Alexander*, 294 F.3d at 629. Therefore, the Court finds that Levi is not entitled to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim.").

Levi had one year from February 12, 2020, to file his habeas petition; he filed his Petition here on June 27, 2023—three years, four months, and fifteen days later. *See* 28 U.S.C. § 2244(d)(1). Consequently, his Petition is time-barred and must be dismissed. *See id.*

### III.  Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Lumpkin's Motion, (2) **DISMISS WITH PREJUDICE** Levi's Petition; and (3) **DIRECT** the Clerk of Court to close this case.

### IV.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **16th** day of **November, 2023**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge